PAULINE GIRARDIN, PLAINTIFF, v. THERESA GIRARDIN, DEFENDANT.

Sumbitted June 5, 1924—Decided November 24, 1924.

**Alienation of Husband's Affections—Defendant Mother of Husband—Evidence of Alienation Meagre, But Sufficient to Justify Jury Finding.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *William E. Sewell.*

For the defendant, *Ziegener & Lane* (*Harry Lane*, of counsel).

PER CURIAM.

The plaintiff, Pauline Girardin, brought this action against Theresa Girardin, her mother-in-law, to recover damages for the alienation of her husband's affections. The case was tried at the Hudson Circuit and resulted in a ver-

dict for the plaintiff for $2,500. The defendant applied for and obtained from the trial judge a rule to show cause. The case is before me under this rule.

The evidence discloses that the plaintiff and defendant's son were married on June 9th, 1921. For a few weeks after their marriage they resided with the defendant. They then obtained rooms almost opposite the residence and place of business of the defendant. The plaintiff continued to work after her marriage. In April, 1923, the plaintiff's husband established a flower shop with moneys obtained from the earnings of himself and wife. The business was also aided financially by the defendant. One Saturday the plaintiff needed money for the purchase of food for Sunday. She went to the flower shop. Her husband was absent. She took $3 from the cash drawer, asking an employe in the store to tell her husband that she had taken it and for what purpose. The defendant happened to be in the store at the time. She then, according to the testimony of the plaintiff, assaulted the plaintiff, telling her that she hated her, always had hated her, and that her son would go home to live with her, and that she would see that the plaintiff did not get any of her money. Soon after this affray the husband began to ill-treat his wife. He told his wife that he would not live with her and that his mother would run the store. He left the plaintiff and lived with his mother. The plaintiff was obliged to go to the poormaster, who compelled her husband to pay her a sum weekly for her support. This weekly allowance was increased after the birth of a child.

There was testimony to the effect that the defendant had said her son ought not to have married as he was too young to marry. The defendant produced a number of witnesses who testified mostly upon non-essential matters. The assault was not denied, although the defendant claimed the plaintiff was the aggressor. It was also not denied that the plaintiff's husband had left his wife shortly after the occurrence in the flower shop. The defendant contends the verdict is against the weight of the evidence.

The evidence on the subject of the alienation of the affec tion of the plaintiff's husband may be properly said to be meagre, but there was evidence of statements made by the defendant and acts of the defendant and plaintiff's husband from which a jury would be justified in finding the defendant guilty. We cannot say the verdict is against the weight of the evidence. If the defendant was guilty, and the jury found her to be guilty, we do not think the amount of the verdict excessive.

The rule to show cause is discharged.